FILED
United States Court of Appeals
Tenth Circuit

May 2, 2018

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

CLAY SHEFF,

    Plaintiff - Appellant,

v.

UNITED STATES DEPARTMENT OF
JUSTICE - CIVIL DIVISION, Radiation
Exposure Compensation Program,

    Defendant - Appellee.

No. 17-2153
(D.C. No. 1:17-CV-00018-WPL-SCY)
(D.N.M.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **LUCERO**, **HOLMES**, and **EID**, Circuit Judges.
_____

Clay Sheff appeals the district court's dismissal of his claim for benefits under

the Radiation Exposure Compensation Act ("RECA"). Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

## I

Congress enacted RECA in 1990 to establish an administrative compensation

system for individuals affected by above-ground nuclear testing and uranium industry

employment. Radiation Exposure Compensation Act of 1990, Pub. L. No. 101-426,

§ 2, 104 Stat. 920. Under RECA, individuals diagnosed with certain diseases are

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

eligible for lump-sum payments if they were physically present in specified areas at particular times, employed in the uranium industry, or participated in on-site testing. See RECA §§ 4-5.[1] The Act directs the Attorney General to "establish procedures whereby individuals may submit claims for payments" and states that the Attorney General "may issue such regulations as are necessary to carry out this Act." RECA § 6(a), (j).

The Attorney General has designated the Radiation Exposure Compensation Program ("RECP"), part of the Department of Justice ("DOJ") Civil Division, to administer RECA. 28 C.F.R. § 79.2(n). Claims are initially decided by the Assistant Director of RECP, with an intra-agency appeal to an Appeals Officer available. §§ 79.2(n), 79.3. An individual whose claim for compensation is denied may file suit in district court. RECA § 6(*l*).

Sheff submitted a "downwinder claim" under § 4(a)(2) of RECA, which provides for compensation to

> [a]ny individual who . . . was physically present in the affected area for
> the period beginning on June 30, 1962, and ending on July 31, 1962, . . .
> and who submits written medical documentation that he or she, after
> such period of physical presence . . . contracted a specified disease . . . .

RECA § 4(a)(2). Sheff has been diagnosed with cancer of the pharynx, one of the statutorily specified diseases. RECA § 4(b)(2). He was born in Coconino County, Arizona, which is an affected area under RECA. RECA § 4(b)(1)(C). However,

---

[1] RECA is codified in a note to 42 U.S.C. § 2210.

Sheff was born after the end of the statutory exposure period. He bases his claim on his presence in Coconino County while in utero during the exposure period.

Concluding that the plain language of RECA did not provide compensation for in utero exposure, the Assistant Director of RECP denied Sheff's claim. The Appeals Officer affirmed. Sheff then filed suit in federal district court. The district court granted DOJ's motion to dismiss, holding that DOJ's interpretation was permissible. Sheff timely appealed.

## II

We review a district court's dismissal under Fed. R. Civ. P. 12(b)(6) de novo. Stidham v. Peace Officer Standards & Training, 265 F.3d 1144, 1149 (10th Cir. 2001). RECA provides that district courts "review the denial [of benefits] on the administrative record and shall hold unlawful and set aside the denial if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." RECA § 6(l). This is the same standard of review set forth in the Administrative Procedure Act. 5 U.S.C. § 706(2)(A).

In reviewing an agency's interpretation of a statute that it administers, we apply the two-part test set forth in Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842 (1984). First, "[i]f the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Id. at 842-43. Second, "if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of

3

the statute." Id. at 843. An agency's construction is permissible if it falls "within the bounds of reasonable interpretation." Your Home Visiting Nurse Servs., Inc. v. Shalala, 525 U.S. 449, 453 (1999).

At the first step, we "give all undefined terms their ordinary meaning." Nat'l Credit Union Admin. Bd. v. Nomura Home Equity Loan, Inc., 764 F.3d 1199, 1227 (10th Cir. 2014). "We may consult a dictionary to determine the plain meaning of a term. We also take into account the broader context of the statute as a whole when ascertaining the meaning of a particular provision." Conrad v. Phone Directories Co., 585 F.3d 1376, 1381 (10th Cir. 2009) (quotation and citation omitted).

We conclude that the government advances a better interpretation of the statutory terms. The phrase "individual who was physically present" as used in § 4(a)(2) would not, in ordinary usage, apply to in utero exposure. Moreover, the Dictionary Act, which provides the meaning of common words "unless the context indicates otherwise," provides that the term "individual" includes "every infant member of the species homo sapiens who is born alive at any stage of development." 1 U.S.C. §§ 1, 8(a). This is strong evidence that RECA does not apply prior to birth. As Sheff notes, that section further states it is not intended to "affirm, deny, expand, or contract any legal status or legal right applicable to any member of the species homo sapiens at any point prior to being 'born alive.'" 1 U.S.C. § 8(c). But the Dictionary Act nevertheless suggests that the statutory term "individual" applies only after birth.

4

DOJ also identifies other statutes in which Congress expressly included in utero benefits. The National Childhood Vaccine Injury Act, which also provides compensation and is administered by DOJ, states that "a woman who received a covered vaccine while pregnant and any child who was in utero at the time such woman received the vaccine shall be considered persons to whom the covered vaccine was administered and persons who received the covered vaccine." 42 U.S.C. § 300aa-11. And the Unborn Victims of Violence Act of 2004 applies to "a child who is in utero." 18 U.S.C. § 1841(a)(1). Had Congress intended to include in utero exposure in RECA, it could have done so explicitly.

Sheff's primary argument against DOJ's interpretation is that RECA was intended to be construed broadly. In 2000, the statute was amended to state: "All reasonable doubt with regard to whether a claim meets the requirements of this Act shall be resolved in favor of the claimant." RECA § 6(b)(1); RECA Amendments of 2000, Pub. L. No. 106-245, § 3(d)(2), 114 Stat. 501, 506. But the reasonable doubt standard typically applies to facts. See Espinoza v. U.S. Dep't of Justice, 20 F. Supp. 3d 1094, 1100 (D. Colo. 2013) ("[T]he language merely suggests that all facts subject to reasonable doubt must be viewed in the light most favorable to the claimant; that is, if there is a fact material to eligibility that is reasonably in doubt, such fact must be interpreted in support of the claim."). Congress generally uses different language when indicating that a statute should be construed in favor of certain parties. See, e.g., Tribal General Welfare Exclusion Act of 2014, Pub. L. No. 113-168, § 2(c), 128 Stat. 1883, 1884 ("Ambiguities in section 139E of such Code . . . shall be resolved in

5

favor of Indian tribal governments."); 15 U.S.C. § 375 (note) ("Any ambiguity between the language of this section or its application and any other provision of this Act shall be resolved in favor of this section").

To the extent the statutory language is ambiguous, we would be compelled to uphold DOJ's interpretation because it is, at the very least, reasonable. <u>Your Home Visiting Nurse Servs., Inc.</u>, 525 U.S. at 453. We agree with the district court that DOJ's reading cannot be deemed "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." RECA § 6(*l*).

## III

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge